IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VISA U.S.A. INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>v.<br><br>FIRST DATA CORPORATION, a Delaware corporation; FIRST DATA RESOURCES, INC., a Delaware corporation; and FIRST DATA MERCHANT SERVICES CORPORATION, a Florida corporation,<br><br>    Defendants.<br><br>AND RELATED COUNTERCLAIM. | MISC. No. _____<br><br>Northern District of California<br>Case No. C-02-1786 JSW-EMC |

**MEMORANDUM IN SUPPORT OF FIRST DATA'S MOTION TO COMPEL DEPOSITION TESTIMONY OF THIRD PARTY VISA EUROPE SERVICES, INC. AND REQUEST FOR ORDER TO SHOW CAUSE WHY VISA EUROPE SERVICES SHOULD NOT BE HELD IN CONTEMPT OF COURT**

| | |
|---|---|
| Thomas G. Macauley (ID No. 3411)<br>ZUCKERMAN SPAEDER LLP<br>919 Market Street, Suite 990<br>P.O. Box 1028<br>Wilmington, Delaware 19899-1028<br>Tel.: (302) 427-0400<br>Fax: (302) 427-8242 | Geraldine M. Alexis (Cal. Bar No. 213341)<br>Beth H. Parker (Cal. Bar No. 104773)<br>David P. Chiappetta (Cal. Bar No. 172099)<br>Thomas S. Clifford (Cal. Bar No. 233394)<br>BINGHAM McCUTCHEN LLP<br>Three Embarcadero Center<br>San Francisco, California 94111-4067<br>Tel.: (415) 393-2000<br>Fax: (415) 393-2286 |

Attorneys for Defendants, Counterclaimants and Moving Parties
FIRST DATA CORPORATION, FIRST DATA RESOURCES INC.
and FIRST DATA MERCHANT SERVICES CORPORATION

SF/21615779.3

## TABLE OF CONTENTS

Page

I. INTRODUCTION ............................................................................................................. 1

II. FACTUAL BACKGROUND ........................................................................................... 3

    A. First Data's Subpoena ........................................................................................... 3

    B. VESI's Responses and Objections ........................................................................ 3

    C. First Data's Good Faith Effort to Meet and Confer with Visa ............................. 4

III. ARGUMENT .................................................................................................................... 6

    A. VESI is a Delaware Company and Should Be Compelled to Produce its Witnesses for Deposition Here ............................................................................. 6

    B. VESI is the Proper Party of First Data's Subpoena ............................................. 7

    C. VESI's Relevance and Lack of Knowledge Objections Are Unfounded and Do Not Justify Its Lack of Compliance With the Subpoena ........................ 8

IV. VESI SHOULD BE REQUIRED TO SHOW CAUSE AS TO WHY THE COURT SHOULD NOT HOLD IT IN CONTEMPT ..................................................... 11

V. CONCLUSION ............................................................................................................... 12

# TABLE OF AUTHORITIES

Page

*CASES*

*BAE Systems Aircraft Controls, Inc. v. Eclipse Aviation Corp.*
  224 F.R.D. 581 (D.Del. 2004) .................................................................................... 6

*Reach and Assocs., PC v. Dencer*
  269 F. Supp 2d 497 (D.Del. 2003) ............................................................................. 6

*United States v. Taylor*
  166 F.R.D. 356 (M.D.N.C. 1996) .............................................................................. 7

*RULES*

Fed. R. Civ. P. 26 ............................................................................................................ 8
Fed. R. Civ. P. 45 .......................................................................................................... 11

## I. INTRODUCTION

First Data is a processor of electronic credit and debit card transactions, including transactions involving Visa-branded cards. In 2002, First Data expanded its ability to directly process such transactions without having to electronically route the payment information through Visa USA's network systems, known as "VisaNet." Visa USA sued First Data for trademark infringement and breach of contract, and then adopted a rule prohibiting any of its member organizations from having their Visa-branded transactions processed outside VisaNet. In response, First Data counterclaimed against Visa USA for antitrust violations and various other state law causes of action.

In essence, Visa USA claims that First Data's plans to by-pass VisaNet will degrade Visa's fraud detection systems and lessen the value of the Visa marks. First Data contends that Visa USA's reasons for prohibiting First Data Net are pretextual, and do not justify Visa USA's illegal monopolization. The parties have been engaged in heated litigation for three years, and the case is approaching trial. The time to propound discovery has closed, and the parties disclosed their opening expert reports on April 29, 2005.

Both Visa USA and Visa Europe (which is not a party to this lawsuit) are regional sub-organizations of Visa International Service Association, which owns the "Visa" trademarks and licenses their use to these regional members. Visa Europe Services, Inc. ("VESI"), the subject of this motion, is an integral part of Visa Europe.[1] While VESI serves Visa members in

---

[1] Visa Europe is currently comprised of two organizations: VESI, which employs all Visa Europe employees and owns all Visa Europe assets, and Visa Europe Limited, to which all Visa Europe member-banks belong. *See* e-mail from VESI's counsel, attached as Exhibit D to Declaration of Thomas S. Clifford in Support of Motion to Compel and Request for Show Cause Order.

- 1 -

Europe, it is incorporated under the laws of Delaware.

Based on its investigation and discovery, First Data has reason to believe that Visa Europe utilizes VisaNet but, unlike Visa USA, Visa Europe does not prohibit its members from by-passing VisaNet. First Data also has reason to believe that Visa Europe uses a fraud-detection system different from Visa USA, but similar to First Data. First Data therefore has a reasonable and good faith basis to subpoena information that is relevant to Visa Europe, *viz.*, that the same actions Visa USA has prohibited and has sued First Data for are allowed by Visa USA's sister corporation in Europe. First Data therefore served a subpoena on VESI -- which employs all Visa Europe employees and owns all Visa Europe assets.

VESI's objections and refusal to appear for the deposition are entirely without merit. Despite its incorporation under Delaware law, it refuses to recognize this Court's jurisdiction. Moreover, it is engaging in a corporate shell game and unfounded claims of "lack of knowledge" to avoid complying with the subpoena. Meanwhile, its own documents prove the relevance of its corporate knowledge about the limited number of topics in the subpoena.

VESI's actions with respect to this subpoena are inexcusable. Its delayed and non-substantive responses to First Data's attempts to resolve the objections demonstrate its intent to shirk its obligations to comply with the duly-issued subpoena. The Court should compel VESI to produce one or more witnesses capable of providing meaningful testimony to the subject matters of the subpoena no later than May 10, and should further call VESI to the table to show cause why its obstructionist conduct should not result in a finding of contempt of court.

SF/21615860.1

II.   **FACTUAL BACKGROUND**

   A.   <u>First Data's Subpoena</u>

On March 30, 2005, First Data served a Subpoena for Deposition Testimony ("subpoena") on VESI. The subpoena set the deposition of VESI's corporate representative (pursuant to FRCP 30(b)(6)) for April 8, 2005, in Wilmington, Delaware. *See* Declaration of Thomas S. Clifford in Support of Motion to Compel and Request for Show Cause Order ("Clifford Decl.") Ex. A. Attached to the subpoena was a list of definitions and just *three* deposition topics. They include:

- YOUR[2] by-laws, procedures or policies regarding Intra-processing and/or Private Arrangements (Topic 1);

- YOUR right to use VISA marks, including the right to sue for infringement of such marks (Topic 2); and

- YOUR fraud systems, including YOUR agreements with Fair Isaac and Company or HNC Software Inc. concerning fraud protection (Topic 3).

   B.   <u>VESI's Responses and Objections</u>

VESI served a set of terse and mostly improper objections on April 7, 2005. *See* Clifford Decl. Ex. B. They included:

- Objection on grounds that the United States District Court for the District of Delaware does not have jurisdiction over VESI because it has no offices, employees or operations in the United States;

- Objection on grounds that it would be burdensome for VESI to appear in Delaware because it has no offices or employees in the United States;

---

[2]   The term "YOUR" was defined in the subpoena to include VESI, along with its past or present officers, directors, partners, shareholders, members, predecessors or successors, or other persons or business entities acting on its or their behalf. Clifford Decl. Ex. A.

- 3 -

- Objection that the subpoena seeks deposition testimony that is not relevant to the claims or defenses of any party in the *Visa v. First Data* matter;

- Objection that VESI has not signed agreements with Fair Isaac or HNC software;

- Objection on grounds that VESI has no rules, bylaws or membership procedures responsive to topics 1 and 2, and that VESI has no right to use the Visa mark other than to provide "subcontracted services" and as part of its corporate name;

- Objection based on the argument that First Data is over its deposition limit; and

- Objection to any part of the deposition that seeks testimony protected by the attorney-client privilege, work-product doctrine or any other privilege.

C. **First Data's Good Faith Effort to Meet and Confer with Visa**

After receiving the objections, and because of the urgency of time, First Data made several attempts to initiate telephonic meet and confer discussions. *See* Clifford Decl. ¶ 4. On April 15, 2005, First Data's counsel traded multiple phone calls with VESI, but was unable to establish contact. *See id.* When the parties were finally able to speak on April 18, 2005, First Data made a unilateral offer to compromise, indicating that it would be willing to travel to Europe to reduce VESI's alleged burden. VESI's counsel was unwilling or unable to negotiate, other than to say that VESI was the wrong entity to subpoena and demanding that First Data put its position in writing. *See id.* ¶ 5.

First Data sent its written proposal to VESI on April 21. *See* Clifford Decl. Ex. C. VESI responded by email four days later on April 25, 2005, but the response was meaningless. The email merely stated that VESI is "considering our position and will reply in due course," but that all communication should continue to be in writing. *See id.* Ex. D.

Seeking to continue meeting and conferring, First Data responded on the same day with a letter requesting an in-person or telephonic meet-and-confer to discuss the substantive

- 4 -

issues raised in its April 21st letter. *See* Clifford Decl. Ex. E. First Data counsel followed up with additional telephone calls on April 25th, 26th, and 27th. *See id.* ¶ 9. On April 28th, VESI's counsel responded with another curt email stating, "We will respond to your request tomorrow, Friday 29 April." *See id.* Ex. F. On Friday, April 29, 2005, VESI delayed its promised contact with First Data. Near the close of the business day in Britatin, First Data's counsel attempted to follow-up via telephone, to no avail. *See id.* ¶ 11. Shortly thereafter, First Data's counsel sent a letter to VESI stating that First Data could no longer afford to allow VESI to use the meet and confer process to delay this much-needed deposition. First Data indicated in this April 29, 2005 letter that it would move to compel VESI's deposition testimony and request that the court require VESI to show cause if the parties were unable to reach agreement by the close of business in Britain on April 29, 2005, as promised by VESI. *See id.* Ex. G. After the close of business in Britain, First Data received a letter from VESI. *See id.* Ex. H. The letter makes no attempt to set up the requested meet and confer, and merely reiterates VESI's objections.

      First Data has exhausted its options and can wait no longer. VESI has proven to be non-responsive to First Data's numerous written and telephonic attempts to reach an informal resolution, yet it refuses to comply with the subpoena. First Data has no choice but to submit its concerns to the Court. VESI should be held to show cause why its actions are not grounds for contempt and should be compelled to produce a responsive witness or witnesses for the deposition.

III.  **ARGUMENT**

A.  **VESI is a Delaware Company and Should Be Compelled to Produce its Witnesses for Deposition Here.**

VESI boldly claims that the Federal District Court of Delaware has no authority to exercise jurisdiction on this issue because VESI has no office, employees or operations in the United States. VESI thinks it can avoid the jurisdiction of the Delaware Federal Court and, at the same time, enjoy the protections of Delaware law. VESI is wrong.

VESI is incorporated in Delaware and, as such, is a "citizen" of the state. *See BAE Systems Aircraft Controls, Inc. v. Eclipse Aviation Corp.*, 224 F.R.D. 581, 589 (D. Del. 2004) (holding that a company incorporated in Delaware is a citizen of the state, even if Delaware is not its principal place of business). As a citizen, VESI enjoys the protections of Delaware corporate law. In return, VESI is required to follow the laws of the state and heed the call of the Delaware judiciary. Delaware corporations are, without a doubt, subject to the personal jurisdiction of Delaware courts. *See Reach and Assocs., PC v. Dencer*, 269 F. Supp 2d 497, 502 (D. Del. 2003).

VESI further objects to this subpoena on the grounds that appearing in Delaware, would be too onerous because "it has no offices or employees in the United States." *See* Clifford Decl. Ex. B. This objection is off-base. Since VESI is a Delaware corporation, it can reasonably expect to be haled into court here. *See Dencer*, 269 F. Supp. 2d at 502.

Indeed, VESI's objections on these grounds are not only without merit, but also demonstrate the improvidence with which VESI has conducted itself in failing to respond to this subpoena. Attempting to compromise during the meet and confer process, First Data offered, both orally and in writing, to travel to a European location of VESI's choosing to take the deposition. *See* Clifford Decl. ¶ 5 & Ex. C. But despite this generous offer, which First Data

- 6 -

was clearly not required to make, VESI refused to appear. Given VESI's unjustified delay and recalcitrance, First Data should not now have to incur this expense, and VESI should be compelled to appear in Delaware, its state of incorporation.

**B.    VESI is the Proper Party of First Data's Subpoena**

As noted earlier, VESI and Visa Europe Limited are the two entities that make up Visa Europe. VESI claims that it does not have any information relating to Visa Europe, and that First Data should instead seek the deposition of Visa Europe Limited. However, as indicated in e-mail correspondence from VESI's own counsel, *it is VESI which employs all Visa Europe employees and owns all Visa Europe assets*:

> Please note, as of 1 July the Visa EU region incorporated and is now comprised of two companies, Visa Europe Limited, to which all the Members belong, and Visa Europe Services Inc. an operating company employing all EU Region staff and owning all the EU Region assets. Together these companies will trade as "Visa Europe".

*See* Clifford Decl. Ex. D. VESI cannot seriously suggest that VESI – the corporation that employs all of the staff and owns all of the assets of Visa Europe – knows nothing of its operations. What are we to believe all of these employees do on a daily basis, if they have no knowledge about their jobs?

First Data properly served VESI with the subpoena. Even if Visa Europe Ltd. has more or different knowledge, VESI employs all of the staff and controls the assets. It has an obligation to educate and produce its witnesses knowledgeable on these issues. It cannot circumscribe its obligation to comply with the subpoena by pointing the finger at a different corporate entity that it believes should have been subpoenaed instead. *See United States v. Taylor,* 166 F.R.D. 356, 360-361 (M.D.N.C. 1996) (subpoenaed corporation has obligation to educate and produce witnesses capable of testifying about any matters within the corporation's

knowledge). The objection should be overruled, and VESI should be compelled to appear for the deposition in Delaware.

    C.    **VESI's Relevance and Lack of Knowledge Objections Are Unfounded and Do Not Justify Its Lack of Compliance With the Subpoena.**

VESI's additional objections indicate an effort to come up with as many obstacles to the deposition as possible, whether plausible or not. For example, VESI's argument that the topics listed in the subpoena are not relevant to the litigation at issue is silly. How is it that VESI purports to understand the specifics of this litigation better than the parties themselves? Issues regarding interchange payments, fraud systems and the right to use the Visa marks are at the heart of Visa USA's complaint against First Data and First Data's counterclaims against Visa USA. Furthermore, any claim that the deposition testimony that First Data seeks is irrelevant on the basis that the underlying suit only concerns Visa transactions in the United States and not Europe is misguided. Visa Europe and Visa USA run their transactions through the same computer system, VisaNet. While Visa USA argues that any routing of transactions that bypass VisaNet will degrade the entire Visa system, Visa Europe allows such routing without complaint. Clearly the European experience and Visa Europe's reasons for not prohibiting the by-passing of VisaNet are relevant to Visa USA's claimed justifications for prohibiting the same conduct.

Moreover, the right to discovery is extremely liberal. The potential testimony obtained as a result of the subpoena does not need to be admissible at trial, just reasonably calculated to lead to the discovery of relevant evidence. Fed. R. Civ. P. 26. VESI does not even provide a reason why it believes the subpoena topics are irrelevant. There is no basis at all for this objection.

Next, VESI objects to the topic relating to "YOUR agreement(s) with Fair, Isaac and Company, Incorporated, HNC Software, Inc., OR any of their respective affiliates," claiming that VESI has no such agreements. But a press release issued by Visa International in 2003 -- when it controlled the Visa International EU region -- discloses that Visa International EU entered into such an agreement. *See* Clifford Decl. Ex. J. And Visa International's 2004 audited financial statements state that Visa International's EU region -- the party who entered into the agreement -- was subsequently incorporated *as VESI:* "Visa International's EU region was separately incorporated in Delaware on July 1, 2004 as Visa Europe Services Inc.("VESI")." *See* Clifford Decl. Ex. I. Since the agreement was signed by one of VESI's predecessors, and the "definitions" section of the subpoena makes clear that "YOUR" includes VESI's predecessors and successors, VESI cannot refuse to testify about the agreement.

Third, VESI claims that, in response to deposition topics 1 and 2, it has no rules, bylaws, or membership procedures and that it has no right to use the Visa marks, except for purposes of its name. *See* Clifford Decl. Ex. B. However, this is yet another corporate shell game. Visa International EU certainly had rules, bylaws, membership procedures, and the right to use the Visa marks, and VESI must testify as to all of these as the corporate successor of that entity. Moreover, Visa Europe certainly possesses each of these things. As the entity which controls all Visa Europe employees and assets, and which is one of two entities that jointly make up Visa Europe, VESI cannot expect this court to believe that it has no knowledge of these things. Finally, to the extent VESI's representations on this issue are true, they constitute testimony that First Data is entitled to elicit, and question, on the record in a deposition. They do not justify VESI's refusal to comply with the subpoena.

Next, VESI's complaint that First Data is over its court-allowed deposition limit is entirely incorrect. First Data and Visa counsel came to an agreement on April 14, 2005 that First Data's deposition of VESI did not cause First Data to exceed the deposition limit. *See* Clifford Decl. ¶ 16. VISA USA is not objecting to the number of First Data's deposition; VESI certainly has no grounds to object.

Finally, VESI's complaint that the deposition may seek testimony protected by the attorney-client privilege, work-product doctrine, or any other privilege, is not a basis upon which VESI may refuse to appear. VESI may, instead, raise these objections (if appropriate) at the deposition itself.

SF/21615860.1

## IV. VESI SHOULD BE REQUIRED TO SHOW CAUSE AS TO WHY THE COURT SHOULD NOT HOLD IT IN CONTEMPT.

Rule 45 of the Federal Rules of Civil Procedure states: "[f]ailure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued."

VESI has failed to obey First Data's subpoena by neglecting to provide appropriately knowledgeable witnesses for the duly noticed deposition. Furthermore, as a Delaware corporation, VESI lacks adequate excuse to explain its failure to appear.

Finally, VESI's cavalier attitude towards the deposition and the meet and confer process has caused great prejudice to First Data. Though First Data noticed the VESI deposition well before the fact discovery cut-off, that date has, in fact, passed. First Data needed this information for its opening expert reports, which was disclosed on April 29, and First Data was prejudiced by its absence. First Data's last chance to obtain and make use of the testimony is in the rebuttal expert reports due on May 20, 2005. Hence this motion to compel and request for show cause order is extremely timely. First Data needs the deposition completed no later than May 10 to use the testimony for its rebuttal expert reports.

Accordingly, First Data asks this court to act quickly to issue an order to show cause why VESI should not be held in contempt of this court under FRCP 45(e). First Data is not only entitled to an order compelling VESI's appearance for the deposition in Delaware, it is entitled to recover the costs of this Motion.

SF/21615860.1

## V. CONCLUSION

For the reasons above, First Data respectfully requests that the Court compel VESI's appearance at the deposition in Delaware no later than May 10, 2005, and order VESI to show cause why it should not be held in contempt.

DATED: May 2, 2005

Respectfully submitted:

By: _____
Thomas G. Macauley (ID No. 3411)
ZUCKERMAN SPAEDER LLP
919 Market Street, Suite 990
P.O. Box 1028
Wilmington, Delaware 19899-1028
Tel.: (302) 427-0400
Fax: (302) 427-8242

- and -

Geraldine M. Alexis (Cal. Bar No. 213341)
Beth H. Parker (Cal. Bar No. 104773)
David P. Chiappetta (Cal. Bar No. 172099)
Thomas S. Clifford (Cal. Bar No. 233394)
BINGHAM McCUTCHEN LLP
Three Embarcadero Center
San Francisco, California 94111-4067
Tel.: (415) 393-2000
Fax: (415) 393-2286

Attorneys for Defendants, Counterclaimants and Moving Parties
FIRST DATA CORPORATION, FIRST DATA RESOURCES INC., and FIRST DATA MERCHANT SERVICES CORPORATION

SF/21615860.1