# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VISA U.S.A. INC., a Delaware corporation,<br><br>    Plaintiff,<br>v.<br><br>FIRST DATA CORPORATION, a Delaware corporation; FIRST DATA RESOURCES, INC., a Delaware corporation; and FIRST DATA MERCHANT SERVICES CORPORATION, a Florida corporation,<br><br>    Defendants.<br><br>AND RELATED COUNTERCLAIM. | MISC. No. _____<br><br>Northern District of California<br>Case No. C-02-1786 JSW-EMC |

**DECLARATION OF THOMAS S. CLIFFORD IN SUPPORT OF
FIRST DATA'S MOTION TO COMPEL DEPOSITION TESTIMONY
AND REQUEST FOR ORDER TO SHOW CAUSE WHY VISA
EUROPE SERVICES, INC. ("VESI") SHOULD NOT BE HELD IN CONTEMPT**

I, THOMAS S. CLIFFORD, state and declare as follows:

1. I am an attorney with the law firm of Bingham McCutchen LLP, counsel for First Data Corporation, First Data Resources, Inc. and First Data Merchant Services Corporation (collectively, "First Data") in this matter. I make this declaration in support of First Data's Motion to Compel and Request for Order to Show Cause. I have personal knowledge of the matters set forth herein and, if called upon to do so, could and would testify competently about them.

2. Attached as Exhibit A is a true and correct copy of the subpoena for the deposition of Visa Europe Services, Inc. ("VESI").

3. Attached as Exhibit B is an April 7, 2005 letter from Carol S. P. Walsh, Esq. of VESI to me containing VESI's objections to the subpoena.

4. Between April 11, 2005 and April 14, 2005, I made multiple attempts to reach VESI's counsel by telephone. On April 15, 2005, VESI's counsel and I traded several telephone messages. Contact was not established.

5. On April 18, 2005, I was finally able to speak personally by telephone with VESI's counsel about VESI's objections to the subpoena. VESI counsel informed me that VESI is merely a subsidiary of a United Kingdom company, and should not have been subpoenaed. I explained First Data's reasons for the subpoena. VESI's counsel demanded First Data's position in writing. I agreed to send a letter, but also made several attempts to confer regarding the subpoena. I also indicated First Data's willingness to travel to Europe for the deposition to reduce VESI's concern about the burden created by this subpoena. VESI's counsel did not respond and was generally not willing or able to negotiate about its lack of compliance with the subpoena.

6. Attached as Exhibit C is a true and correct copy of the letter I sent to VESI's counsel, Christine Royce-Lewis, on April 21, 2005, detailing First Data's position.

7. Attached as Exhibit D is a true and correct copy of an email sent by Ms. Royce-Lewis to me on April 25, 2005.

8. Attached as Exhibit E is a true and correct copy of a letter dated April 25, 2005 from me to Ms. Royce-Lewis responding to the April 25, 2005 email and requesting another meet and confer.

9. I made telephone calls to Ms. Royce-Lewis on April 25, 2005, April 26, 2005 and April 27, 2005, to follow up about my letter. Ms. Royce-Lewis did not respond.

10. Attached as Exhibit F is a true and correct copy of an email that Ms. Royce-Lewis sent me on April 28, 2005. The email promised a response the following day, but still failed to contain any substantive response to my letter about VESI's objections to the subpoena or First Data's offer to conduct the deposition in Europe.

11. On April 29, 2005, I telephoned Ms. Royce-Lewis again in an effort to establish the contact that VESI had promised the day before. I left a voice message reiterating the urgency of the discovery request.

12. Attached as Exhibit G is a true and correct copy of the letter from me to Ms. Royce-Lewis dated April 29, 2005.

13. Attached as Exhibit H is a true and correct copy of the letter from Ms. Royce-Lewis to me dated April 29, 2005. The letter merely reiterates VESI's objections and refusal to appear for the deposition.

14. Attached as Exhibit I is a true and correct copy Visa International's 2004 audited financial report.

15.   Attached as Exhibit J is a true and correct copy of a press release describing how Visa International did indeed sign an agreement with Fair Isaac and/or HNC software.

16.   On April 14, 2005, Richard J. Mooney, counsel for Visa USA and David P. Chiappetta, counsel for First Data, reached an agreement that the VESI deposition would not exceed First Data's deposition limit.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct. Executed this 29th day of April, 2005, at San Francisco, California.

_____
Thomas S. Clifford