# Exhibit A

Issued by the

# UNITED STATES DISTRICT COURT

DISTRICT OF Delaware

VISA U.S.A. INC.

SUBPOENA IN A CIVIL CASE

v.

FIRST DATA CORPORATION, FIRST DATA
RESOURCES INC., & FIRST DATA MERCHANT
SERVICES CORPORATION.
AND RELATED COUNTER CLAIM.

Case Number:[1] Misc.
Northern District California
C 02-1786 (JSW)

TO: Visa Europe Services Inc. C/O The Corporation Trust Company
1209 Orange Street
Wilmington, DE 19801

[ ] YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

[x] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Sheraton Suites Wilmington: 422 Delaware Avenue Wilmington Delaware, 19801 | April 8, 2005 9:00 am |

[ ] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
|  |  |

[ ] YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] Attorneys for First Data | March 29, 2005 |

ISSUING OFFICER'S NAME, ADDRESS AND TELEPHONE NUMBER
Thomas S. Clifford (SBN 233394) (415) 393-2000
Bingham McCutchen LLP; 3 Embarcadero Center; San Francisco, CA 94111

(See Rule 45, Federal Rules of Civil Procedure, parts C & D on reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|

**SERVED**

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| The Corporation Trust Company<br>1209 Orange Street -- Wilmington DE 19801 | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                         DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or the demanding party to contest the claim.

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

| | |
|---|---|
| 1 | **ATTACHMENT OF DEPOSITION TOPICS** |
| 2 | **DEFINITIONS** |

3   As used herein, the following terms shall have the meanings AND significance set
4 forth below.
5      1. "FIRST DATA" refers to First Data Corporation, First Data Resources Inc.
6 AND First Data Merchant Services Corporation AND ANY of their current AND former
7 officers, directors, partners, shareholders, predecessors, successors, parents, subsidiaries,
8 affiliates, agents, employees, attorneys, OR other PERSONS acting OR purporting to act on their
9 behalf.
10      2. "VISA EUROPE SERVICES INC." "YOU" OR "YOUR" mean and refer to
11 Visa Europe Services Inc. AND ANY past OR present officers, directors, partners, shareholders,
12 members, predecessors OR successors, OR other PERSONS OR business entities acting on its
13 OR their behalf.
14      3. "VISA U.S.A." means Visa U.S.A., Inc., AND ANY past OR present officers,
15 directors, partners, shareholders, members, predecessors OR successors, OR other PERSONS
16 OR business entities acting on its OR their behalf.
17      4. "VISA" means the Visa International Service Association, AND ANY past
18 OR present officers, directors, partners, shareholders, members, predecessors OR successors, OR
19 other PERSONS OR business entities acting on its OR their behalf.
20      5. "ALL" means ANY AND ALL.
21      6. "ANY" shall be understood to include AND encompass ALL.
22      7. "AND" AND "OR" shall be construed both conjunctively AND disjunctively.
23      8. "CONCERNING" means referring to, constituting, reflecting, evincing,
24 describing, containing, discussing OR reasonably related to.
25
26
                                                                Case No. C 02-1786-JSW
---
SUBPOENA TO VISA EUROPE SERVICES INC

SF/21610635.2

1    9. "PERSON" means ANY individual, corporation, partnership, joint venture,
2  firm, association, proprietorship, agency, board, authority, commission, OR other legal, business
3  OR governmental entity.
4    10. "VISANET" means VISA U.S.A.'s network used for authorizing, clearing
5  AND settling VISA TRANSACTIONS.
6    11. "INTRA-PROCESSING" means instances where ANY processor/s, including
7  FIRST DATA, authorizes, clears OR settles a VISA TRANSACTION without using VISANET,
8  YOUR network processing system, or VISA's network processing system.
9    12. "PRIVATE ARRANGEMENT" means ANY actual, past, future, planned OR
10 prospective agreement OR arrangement under which the authorization AND/OR clearing OR
11 settlement of VISA TRANSACTIONS involving two different VISA members is not processed
12 through VISANET, YOUR network processing system, or VISA's network processing system.
13   13. "FIRST DATA'S INTRA-PROCESSING ENHANCEMENT" means FIRST
14 DATA'S initiative, announced publicly in June 2001, to increase its capacity to authorize, clear
15 AND settle VISA TRANSACTIONS outside of VISANET.
16   14. "VISA TRANSACTION" means ANY financial transaction performed with a
17 Visa-branded card.

18                              **DEPOSITION TOPICS**
19   1.   YOUR rules, by-laws, procedures OR policies governing OR
20 CONCERNING INTRA-PROCESSING OR PRIVATE ARRANGEMENTS, including the
21 reasons for those rules, by-laws, procedures OR policies.
22   2.   YOUR agreement(s) with VISA governing OR CONCERNING YOUR
23 right and YOUR members' right to use any VISA marks, including the right to sue for
24 infringement of any such marks.
25   3.   YOUR AND YOUR OPERATING ORGANIZATION'S systems,
26 services AND programs designed, intended OR implemented to detect OR prevent fraudulent

                                            2                         Case No. C 02-1786-JSW

1  VISA TRANSACTIONS, including YOUR agreement(s) with Fair, Isaac and Company,
2  Incorporated, HNC Software, Inc., OR any of their respective affiliates for software OR services
3  CONCERNING fraud detection OR prevention.
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26