# Exhibit C

BINGHAM McCUTCHEN

Tom Clifford
Direct Phone: (415) 393-2702
Direct Fax:   (415) 393-2286
tom.clifford@bingham.com

April 21, 2005

**Via Facsimile & U.S. Mail**

Christine Royce Lewis
Visa Europe Services, Inc.
1 Sheldon Square
London W25TT
United Kingdom

**Visa v. First Data: Subpoena to Visa Europe Services, Inc.**

Dear Christine:

This letter follows up on our conversation earlier this week regarding the obligation of Visa Europe Services, Inc. ("VESI") to immediately produce person(s) to testify on the deposition topics identified in the subpoena served last month upon VESI's registered agent for service of process. That subpoena was issued by First Data Corporation ("First Data"), under the authority of the District Court of the State of Delaware, in the matter of *Visa U.S.A. v. First Data Corporation et al.*, Case No. C02-1786 (N.D.Cal.).

During our telephone call, you stated that the appropriate deponent for the topics in the subpoena is not VESI, a Delaware corporation, but rather Visa Europe Ltd., a separate English entity. You base this claim on your assertion that the entity formerly known as Visa International's EU region (to which certain of the topics relate) did not become VESI, but Visa Europe Ltd.

Your assertion is directly contradicted by Visa International's 2004 audited financial statements, which state that on July 1, 2004, the entity formerly known as Visa International's EU region was incorporated *as VESI:* "Visa International's EU region was separately incorporated in Delaware on July 1, 2004 as Visa Europe Services Inc.("VESI")." In choosing to depose VESI, instead of Visa Europe Ltd., First Data relied on this representation. Please let us know at once if VESI contends that Visa International's audited financial statements contain a misstatement in this respect.

We also understand that on July 1, 2004, Visa International's EU region transferred all of its assets and liabilities to VESI. Does VESI claim that, notwithstanding the fact that it holds all of the assets and liabilities of the former Visa International EU region, VESI knows nothing of the region? And that all such knowledge is possessed solely by Visa Europe Ltd. in London? If so, the two entities are merely playing a corporate shell game, sheltering their assets under the laws of the United States while attempting to evade their discovery obligations under those laws. Such gamesmanship will not be countenanced by the courts of this country.

Bingham McCutchen LLP
Three Embarcadero Center
San Francisco, CA
94111-4067

415.393.2000
415.393.2286 fax

bingham.com

Boston
Hartford
London
Los Angeles
New York
Orange County
San Francisco
Silicon Valley
Tokyo
Walnut Creek
Washington

Christine Royce Lewis
April 21, 2005
Page 2

Bingham McCutchen LLP
bingham.com

Although the above-referenced question of identity was the focus of our conversation, there were other objections raised in Carol Walsh's letter dated April 7, 2005. I'll address several of those quickly:

In her letter, Ms. Walsh objected to the subpoena on the grounds that First Data Corporation has taken too many depositions in the above-referenced lawsuit. I am uncertain why Visa International would involve itself in this issue that has been a point of dispute between First Data and Visa USA – the actual parties to the lawsuit. Nonetheless, this dispute has been resolved, and Visa USA agrees that the deposition of VESI may proceed.

Ms. Walsh also objected on jurisdictional grounds, arguing that the district of Delaware lacks jurisdiction over VESI because it has no offices, employees, or operations in the United States. But VESI is *incorporated* in Delaware. The notion that VESI can seek the protection of the state for some purposes, but then claim that the state has no jurisdiction over it for others, is not just unfair but also incorrect under the law.

Ms. Walsh objected on the basis that one of the topics seeks information about "YOUR agreement(s) with Fair, Isaac and Company, Incorporated, HNC Software, Inc., OR any of their respective affiliates," claiming that VESI has not signed any such agreements. But the "definitions" section of the subpoena makes clear that "YOUR" includes VESI's predecessors and successors – which would include the former Visa International EU region. And that region *did* sign one or more agreements with Fair Isaac and/or HNC Software. VESI's argument in this regard is particularly off-point, as these contracts would have been among the assets and liabilities transferred to VESI on July 1, 2004.

Finally, Ms. Walsh suggested that the subpoena seeks testimony not relevant to this case. But the subpoena topics cover Private Arrangements, use of the Visa mark, and fraud – all critical topics in this litigation. This particular objection reflects either an absence of knowledge about the case, or an effort to assert every objection regardless of merit.

VESI must immediate produce one or more FRCP 30(b)(6) witnesses on the aforementioned topics. To the extent VESI wishes to produce an employee of Visa Europe Ltd. on one of more of these topics, that is acceptable to First Data. Also, while First Data has every right to demand that these deponents be produced in Delaware – VESI's state of incorporation – First Data is willing to have these depositions proceed at a location that is more convenient to VESI or Visa Europe Ltd. as part of a negotiated compromise of the objections raised by VESI. To the extent First Data must instead spend its resources proceeding before the court in Delaware to enforce its rights, it will demand that the depositions proceed *as noticed* in that state.

Sincerely yours,

Tom Clifford

SF/21613777.2